UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TERRI E. BAKER, individually as parent and next friend of minor, S.F.B., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 19-2480-CM<br>) |
| BLUE VALLEY UNIFIED SCHOOL DISTRICT, USD 229, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

# ORDER

Plaintiffs move to amend their complaint (ECF No. 32) to add a claim for class certification in this action challenging the constitutionality of the statutes governing vaccinations for children in Kansas public schools. The plaintiff, S.F.B., is a minor enrolled in the Kansas public school system, and Terri Baker is his mother. Defendants are Blue Valley Unified School District, USD 229 ("Blue Valley"); and Lee Norman, Derek Schmidt, and Laura Kelly in their official capacities ("State defendants"). For the reasons set forth below, the motion is granted.

Standard

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed and 21 days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15 dictates the court "should freely give leave when

justice so requires,"[1] which the Supreme Court has construed as a "mandate . . . to be heeded."[2] The decision whether to grant leave to amend a complaint is within the trial court's discretion and will not be disturbed absent an abuse of discretion.[3] A district court should refuse to leave to amend only upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[4]

This case is in its early stage, with no scheduling order and no discovery completed. Yet defendants argue the motion should be denied based on futility. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[5] In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[6] Therefore,

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Braden v. Morgan & Assocs. PC*, No. 14-2273-EFM, 2014 WL 6750065, at *2 (D. Kan. Dec. 1, 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[3] *Beach v. Mutual of Omaha Ins. Co.*, 229 F.Supp.2d 1230, 1233 (D. Kan. 2002) (citing *Woolsey v. Marion Labs, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991)).

[4] *Braden*, 2014 WL 6750065, at *2; *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[5] *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[6] *Pedro v. Armour Swift-Eckrich*, 118 F.Supp.2d 1155, 1158 (D. Kan. 2000).

the court will deny an amendment on the basis of futility only when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to plaintiffs, the court determines plaintiffs have not presented a claim to relief that is plausible on its face.[7] A complaint or amendment thereof need only make a statement of the claim and provide some factual support to withstand dismissal.[8] It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal, all allegations are considered to be true.[9]

Analysis

Plaintiffs filed this lawsuit on August 15, 2019, alleging the requirements of state statutes governing immunizations for public school students violate the United States and Kansas constitutions.[10] Plaintiffs request injunctive relief and subsequently filed a separate motion for injunction.[11] Defendants filed a motion to stay deadlines related to the motion for permanent injunction.[12] Defendants also filed motions to dismiss on September 20,

---

[7] *Anderson v. PAR Elec. Contractors, Inc.*, 318 F.R.D. 640, 642–43 (D. Kan. 2017); *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[8] *Twombly*, 550 U.S. at 555.

[9] *Id.* at 556.

[10] ECF No. 1.

[11] ECF No. 3.

[12] ECF No. 20.

2019,[13] which are pending before the presiding U.S. District Judge, Carlos Murguia. Plaintiffs filed their responses to the motions to dismiss[14] before filing their motion to amend on October 17, 2019.[15]

In their motion, plaintiffs seek to certify two classes of plaintiffs and seven issues related to the constitutionality of the Kansas statutes governing religious objections to mandated vaccinations.[16] Defendants argue plaintiffs' proposed amendment adding the class certification claims is futile. Specifically, Blue Valley argues plaintiffs lack individual standing and therefore cannot seek to sue on behalf of the putative class.[17] State defendants make several arguments: plaintiffs don't have standing, plaintiffs have failed to state a claim upon which relief can be granted, and class certification is unnecessary when all class members would benefit from an injunction issued on behalf of the named plaintiffs.[18] Plaintiffs counter they do have standing and their proposed amended complaint adequately states claims upon which relief may be granted.[19]

---

[13] ECF Nos. 26, 28.

[14] ECF Nos. 30, 31.

[15] ECF No. 32.

[16] *Id.*

[17] ECF No. 37 at 4-5.

[18] ECF No. 36 at 2-3.

[19] ECF No. 38.

The arguments presented are closely intertwined with the issues raised in defendants' pending motions to dismiss, which are fully briefed. Blue Valley makes the same standing argument in its motion to dismiss, in addition to a ripeness argument.[20] Similarly, State defendants make the same standing and Fed. R. Civ. P. 12(b)(6) arguments, in addition to a sovereign immunity argument.[21] The court would prefer to address all dispositive arguments for all defendants in a single dispositive motion. This approach conserves judicial resources and prevents the procedural posture of this case from getting unnecessarily complicated.[22] As State defendants concede in their opposition, the court has an interest in avoiding duplication of efforts, which supports allowing the amendment.[23] Based on these procedural concerns, and because plaintiffs' amendments do not appear clearly frivolous, the undersigned U.S. Magistrate Judge, James P. O'Hara, exercises his discretion and grants plaintiffs leave to file the amended complaint attached to their motion.

To be clear, the undersigned is <u>not</u> ruling that these amendments will survive the motion to dismiss challenge. Rather, the undersigned is allowing the amendment and

---

[20] ECF No. 28.

[21] ECF No. 26.

[22] *See, e.g.*, *Goings v. Sumner Cty. Dist. Attorney's Office*, No. 13-1107-RDR, 2013 WL 5406444, at *2 (D. Kan. Sept. 25, 2013) (granting a motion to amend to avoid duplication of effort and to establish a better record when the opposition to the motion to amend was based, in part, on the same arguments raised in a motion to dismiss); *Terracon Consultants, Inc. v. Drash*, No. 12-2345-EFM, 2013 WL 1633510, at *2 (D. Kan. Apr. 16, 2013) (same).

[23] ECF No. 36 at 5.

defers consideration of defendants' futility arguments to Judge Murguia. Therefore, the court concludes justice is best served at this early stage of the litigation by allowing plaintiffs to amend their complaint so that those class certification allegations and claims can be considered by Judge Murguia in conjunction with the rulings on plaintiffs' motion for injunction (ECF No. 3), defendants' motion to stay (ECF No. 20), and defendants' motions to dismiss (ECF Nos. 26, 28).

IT IS THEREFORE ORDERED that plaintiffs' motion for leave to amend (ECF No. 32) is granted. Plaintiffs shall file their amended complaint by November 12, 2019.

IT IS SO ORDERED.

Dated November 7, 2019, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge