IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRI E. BAKER,

    Plaintiff,

v.

USD 229 BLUE VALLEY, et al.,

    Defendants.

Case No. 2:19-CV-02480-HLT-JPO

## MEMORANDUM AND ORDER

Plaintiff Terri Baker's child, S.F.B., is not vaccinated. After Plaintiff submitted a letter claiming a religious objection to vaccinations, S.F.B. was allowed to enroll in public school. S.F.B. continues to be both unvaccinated and enrolled in public school. Nevertheless, Plaintiff, individually and as parent of S.F.B., now sues Defendants Blue Valley Unified School District ("School Defendant"), as well as Lee Norman, Secretary of the Kansas Department of Health and Environment, Derek Schmidt, Kansas Attorney General, and Laura Kelly, Governor of Kansas (collectively, "State Defendants") regarding the state's vaccination laws for schoolchildren.

The claims asserted in the amended complaint are many and varied.[1] Very briefly summarized, Plaintiff claims her request for a religious exemption was inadequate under state law

---

[1] Although at least one count in the amended complaint purports to be brought pursuant to 28 U.S.C. § 1983, Doc. 40 at 40-41, other counts are broader and less easily defined. For example, counts 1 and 10 simply claim "Violation of Kansas Bill of Rights." *Id.* at 16, 45. Count 2 alleges "Violation of the Kansas Preservation of Religious Freedom Act." *Id.* at 22. Counts 3 and 11 are for "Violation of the Free Speech and Free Press Clauses of the First Amendment of the United States Constitution: Compelled Speech, Unconstitutional Conditions, Unbridled Discretion, and Overbreadth." *Id.* at 27, 45. Counts 4 and 12 assert claims for "Deprivation of Property, Challenge to Denial of Religious Identity, Personal Dignity, Personal Autonomy, and Personal Liberty." *Id.* at 30, 45. In total, the amended complaint asserts 18 counts, though some seem only to list the relief sought instead of an actual legal claim. *See, e.g.*, *id.* at 35, 39 (listing counts 6 and 7 as "Declaratory Judgment" and "Immediate Injunctive Relief"). Plaintiff also asserts a count "in the Alternative Condition" under the Individuals with Disabilities Act ("IDEA"), alleging that, should the Court find the religious exemption unconstitutional and sever it from the underlying statute requiring vaccinations, the resulting statute would violate IDEA. *Id.* at 42. The claims against the Kansas governor

and school policies and should not have been accepted. *See* Doc. 31 at 9-10. And if Defendants correctly applied Kansas law and school policies, they would have rejected Plaintiff's request for a religious exemption and S.F.B. would have been excluded from public schools until he was fully vaccinated. But, Plaintiff argues, that would also be problematic, because the statutes requiring vaccinations for schoolchildren in Kansas, including the religious exemption, are unconstitutional.

Several motions are pending in the case.[2] All Defendants moved to dismiss for lack of jurisdiction and, in the case of State Defendants, failure to state a claim. Doc. 26; Doc. 28. At the time the case was filed, Plaintiff filed a motion for preliminary and permanent injunction, Doc. 3, and she later filed a motion to certify a class action, Doc. 42. State Defendants filed a motion requesting that the Court deny any request for a permanent injunction as premature. Doc. 20. And Defendants filed a joint motion to stay briefing on the class-certification motion pending resolution of their motions to dismiss. Doc. 44.[3]

The Court has reviewed the pending motions and the amended complaint (Doc. 40). Because Plaintiff has not demonstrated or adequately alleged an injury-in-fact, the Court concludes that she lacks standing to pursue this matter. Accordingly, the Court grants Defendants' motions to dismiss for lack of standing. All other motions are denied as moot.

## I.  BACKGROUND

Plaintiff brings this case on behalf of herself and her minor child, S.F.B. Plaintiff is a Christian who engages in Biblical holistic dietary and medical treatment. Doc. 40 at 10. She "has sincere religious convictions and objections to vaccines . . . ." *Id.* As a result, "S.F.B. has not

---

and attorney general are based on the fact that neither has acted to challenge or stop enforcement of the disputed statutes or policies. *Id.* at 57-58. Plaintiff also includes class-action allegations. *Id.* at 58.

[2] The case was recently transferred to the undersigned judge on February 21, 2020. Doc. 51.

[3] Briefing on the class-certification motion was stayed pending resolution of the joint motion. *See* Doc. 48.

received any injections with vaccines." *Id.* at 9. After Plaintiff sent a letter claiming a religious objection to vaccinations, S.F.B. was allowed to enroll in the Blue Valley School District for the 2018-2019 school year. *Id.* at 18. S.F.B. remains unvaccinated and is apparently still enrolled in school. *Id.* at 9; *see also* Doc. 29-2 at 2.[4]

Blue Valley has asserted in a declaration signed by its assistant superintendent that it regards Plaintiff's "letter as a sufficient statement of religious objection to exempt S.F.B. from vaccination requirements under current Kansas law and district policy" and it "has no current intention to suspend or expel S.F.B., or otherwise terminate S.F.B.'s enrollment at a Blue Valley school based on his non-vaccinated status or the form or content of the religions objection made via [Plaintiff's] letter." Doc. 29-2 at 2.

## II.    STANDARD

Motions to dismiss for lack of jurisdiction under Rule 12(b)(1) can generally take two forms: a facial attack or a factual attack. "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). In that situation, the allegations in the complaint are accepted as true. *Id.*

A factual attack—which both State Defendants and School Defendant lodge here—looks beyond the operative complaint to the facts on which subject-matter jurisdiction depends. *Id.* at 1003. In that case, a court does not presume the truthfulness of any factual allegations. "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to

---

[4] The amended complaint is silent about the 2019-2020 school year. But the assistant superintendent of Blue Valley submitted a declaration indicating that S.F.B. has been continuously enrolled since August 2018, including the 2018-2019 and 2019-2020 school years. *See* Doc. 29-2 at 2. Although Plaintiff disputes the assistant superintendent's statements about whether the claimed exemption complies with state law, and whether the school district should allow S.F.B. to remain in school, there does not seem to be any dispute that S.F.B. was and continues to be enrolled in school.

resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* But considering outside evidence does not convert the motion to one for summary judgment. *Id.* The motion must be converted, however, if "the jurisdictional question is intertwined with the merits of the case." *Id.* "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Id.*

## III. ANALYSIS

State Defendants raise a variety of issues in their motion to dismiss, including that Plaintiff lacks Article III standing. Doc. 27 at 13-17. School Defendant also argues that Plaintiff lacks Article III standing, and thus this Court lacks subject-matter jurisdiction. Doc. 29 at 5-17. Although there are a variety of other issues pending, the Court believes the question of standing is dispositive of this case and focuses its analysis there.

Courts are not "free-wheeling enforcers of the Constitution and laws." *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1087 (10th Cir. 2006). Article III of the Constitution specifically limits the jurisdiction of federal courts to cases and controversies. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "The case or controversy limitation requires that a plaintiff have standing." *United States v. Colo. Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996); *see also Brady Campaign to Prevent Gun Violence v. Brownback*, 110 F. Supp. 3d 1086, 1091 (D. Kan. 2015) ("One of several doctrines reflecting Article III's case-or-controversy limitation on the judicial power is the doctrine of standing.").

Standing requires that a plaintiff have an actual stake in the controversy. *Brady Campaign*, 110 F. Supp. 3d at 1091. A plaintiff can show this stake by demonstrating "that (1) he or she has suffered an injury in fact; (2) there is a causal connection between the injury and the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision." *Ward*

*v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) (quoting *Phelps v. Hamilton*, 122 F.3d 1309, 1326 (10th Cir. 1997)).

The burden of alleging standing is on a plaintiff. *See Initiative & Referendum*, 450 F.3d at 1087. The extent of a plaintiff's burden depends on the stage of the litigation. *Lujan*, 504 U.S. at 561. At the pleading stage, a court accepts as true the material allegations of the complaint. *Initiative & Referendum*, 450 F.3d at 1089. But a court need not accept "conclusory allegations, unwarranted inferences, or legal conclusions." *Brady Campaign*, 110 F. Supp. 3d at 1092.

To show the first element of standing (an injury-in-fact), a plaintiff must demonstrate "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Initiative & Referendum*, 450 F.3d at 1087 (quoting *Lujan*, 504 U.S. at 560). "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016).

Against the backdrop of these well-established legal principles, the Court has reviewed Plaintiff's amended complaint[5] and the declarations submitted with the motions to dismiss.[6] It seems to be undisputed that S.F.B. has never been vaccinated, nor has he ever been excluded from school. Given that, it is unclear what "injury" S.F.B. or Plaintiff has suffered by existence of the statutes and policies that are challenged. Although Plaintiff makes some arguments that the statutes requiring vaccinations for school children require families to choose between school and their conscientious objection to vaccinations, it appears that neither Plaintiff nor S.F.B. has had to

---

[5] Although Rule 8(a) states that a pleading must contain "a short and plain statement" of the claims in the case, the Court notes that Plaintiff's amended complaint is anything but a short and plain statement. After setting forth some preliminary facts, the amended complaint devolves largely into legal argument, including detailed discussions of Plaintiff's interpretation of statutes, regulations, and school policies. *See generally* Doc. 40. This has made resolution of this matter considerably more difficult than it needed to be.

[6] Plaintiff argues that the declaration of Blue Valley's assistant superintendent should be disregarded because he cannot speak for the school district and authorize it to fail to apply the statutes in the manner that Plaintiff believes they should be applied. Doc. 31 at 10-14. But, as discussed below, this is irrelevant to the standing question.

sacrifice either. Further, even if the Court accepted Plaintiff's argument that the statutes are somehow unconstitutional, the "mere presence on the statute books of an unconstitutional statute, in the absence of enforcement or credible threat of enforcement, does not entitle anyone to sue, even if they allege an inhibiting effect on constitutionally protected conduct prohibited by the statute." *Mink v. Suthers*, 482 F.3d 1244, 1253 (10th Cir. 2007) (quoting *Winsness v. Yocom*, 433 F.3d 727, 732 (10th Cir. 2006)).

The amended complaint does include some vague allegations that Plaintiff "would like the option of enrolling S.F.B. in a non-accredited private school" or pursuing homeschooling, or "would also like the option of having S.F.B. participate in school programs and licensed child care," but she cannot pursue these options because S.F.B. is unvaccinated. Doc. 40 at 13, 49. Notably, there are no allegations that Plaintiff has ever even <u>attempted</u> to enroll S.F.B. in one of these other programs and was denied because of S.F.B.'s vaccination status, or that any claimed religious exemption was denied. These allegations are thus far too speculative to confer standing on Plaintiff because her intention is far too vague and there is no credible threat that the laws will be enforced negatively against her or S.F.B. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158-59 (2014) (holding that "the threatened enforcement of a law creates an Article III injury" where a plaintiff alleges "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, <u>and there exists a credible threat of prosecution thereunder</u>." (emphasis added) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979))).[7]

---

[7] Likewise, the amended complaint states that "S.F.B. or Terri do not have any assurance that a religious inquisition will not occur similar to that posited by the Wichita School system which states that 'the school reserves the right to require verification by the clergy of the religious tenets that preclude immunizations." Doc. 40 at 9. Notably, there are no other allegations at all about how the Wichita school system is relevant to this case. Suffice it to say that Plaintiff's fear that a "religious inquisition" will occur is unfounded and falls well below the standard required to establish Article III standing.

Plaintiff's response briefs to both motions to dismiss are lengthy and cover a wide variety of topics. But none demonstrate an injury-in-fact. Some statements actually undercut it. *See* Doc. 31 at 26 ("The statute is actively being enforced statewide and as demonstrated by Blue Valley's policy, it is enforcing the religious adherent requirements <u>to all students not named S.F.B.</u>"); *id.* at 22-23 ("The plaintiffs contend in their Complaint . . . that Blue Valley should not be enforcing 72-6262, <u>has not enforced it</u> in the manner required by the statute, and consequently S.F.B. is still subject to the unconstitutional requirements of the statute which S.F.B. does not and should not be required to comply with.").

Plaintiff argues that Defendants' arguments about standing under Rule 12(b)(1) are intertwined with the merits of the case because Plaintiff claims Defendants are misapplying the statutes (in a way that apparently benefits Plaintiff and S.F.B.) and once they correctly apply them, Plaintiff and S.F.B. will be harmed. Doc. 30 at 3-5; Doc. 31 at 20-23. The Court disagrees that this impermissibly intertwines standing with the merits of the case. The issue now is not the interpretation of the statutes. The issue is whether Plaintiff or S.F.B. have suffered an injury-in-fact that is concrete, particularized, and actual or imminent. Regardless of whose interpretation of the statute is correct, there is no dispute that S.F.B. remains unvaccinated and enrolled in school. Plaintiff's suppositions that, at some point in the future, school or state officials might rethink the exemption granted to S.F.B. does not create an injury, and certainly not one that is more than conjectural or hypothetical. *See Initiative & Referendum*, 450 F.3d at 1087. Equally unpersuasive is Plaintiff's claim that a credible threat of enforcement exists because the Court can rule that Defendants are not properly enforcing the statutes, order them to enforce it in the way that Plaintiff argues it should be enforced, which would then put Plaintiff "in the crosshairs of a proper

enforcement by all defendants which harms them." Doc. 30 at 29. That argument turns the Article III case-or-controversy requirement on its head.

## IV. CONCLUSION

THE COURT THEREFORE ORDERS that State Defendants' Motion to Dismiss (Doc. 26) and School Defendant's Motion to Dismiss (Doc. 28) are GRANTED. Plaintiff has not demonstrated an injury-in-fact sufficient to sustain Article III standing, and thus her case is DISMISSED WITHOUT PREJUDICE.[8]

THE COURT FURTHER ORDERS that Plaintiff's Motion for Preliminary and Permanent Injunction (Doc. 3), State Defendants' Motion to Stay Deadlines (Doc. 20), Plaintiff's Motion to Certify as Class Action (Doc. 42), and Defendants' Joint Motion for Extension of Time to Respond to Plaintiffs' Class Certification Motion (Doc. 44) are DENIED WITHOUT PREJUDICE AS MOOT.

IT IS SO ORDERED.

Dated: March 13, 2020          /s/ *Holly L. Teeter*
                               HOLLY L. TEETER
                               UNITED STATES DISTRICT JUDGE

---

[8] The Court notes that the amended complaint was actually filed after the motions to dismiss were filed, *see* Doc. 47 at 1-2 (ordering that the amended complaint does not moot the motions to dismiss), and despite this, Plaintiff still failed to establish standing. Any further attempts to amend would thus likely be futile.